## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities............................................................... | 2 |
| Jurisdictional Statement......................................................... | 3 |
| Concise Statement of Facts.................................................... | 4 |
| Issues..................................................................................... | 5 |
| Summary of Argument........................................................... | 6 |
| Argument............................................................................... | 7 |
| Relief sought......................................................................... | 9 |
| Appendix............................................................................... | 10 |
| Signature Page...................................................................... | 11 |
| Certificate of Service............................................................ | 12 |

2019 FEB 25 PM 2: 15
U.S. COURT OF APPEALS
FOURTH CIRCUIT
RECEIVED

Table of Authorities

1. *47 USC 230*
2. *Nemet Chevrolet, Ltd. V Consumeraffairs.com, Inc. 591 F. 3d 250*
3. *Zeran v American Online, Inc 129 F.3d 327 (1997)*

## Jurisdictional Statement

This court has jurisdiction to hear this case because of diversity of citizenship. Plaintiff Scott is a resident of Virginia. Defendant Moon is a resident of Florida. Defendant Zaiger is a resident of Massachusetts. Both of the computers controlled by Defendant Moon and Defendant Zaiger were controlled outside of the State of Virginia, each respectively to their resident state.

The Appeal, based on an Order and Dismissal dated January 24, 2019 and has been filed within the specified time limit.

**BRIEF IN MEMORANDUM**

The Plaintiff requests this Honorable Court to consider the following issues with regard to the Notice of Appeal in the above named case. The final Order disposed of all claims from the original Complaint. The part of the dismissal being appealed is whether or not Plaintiff Scott has stated an Invasion of Privacy claim against Defendant Moon that does not qualify for immunity under the Communication Decency Act.

Concise Statement of Facts of the case

1. Defendant Moon owns and operates a website called "KiwiFarms.net"
2. Defendant Moon published several articles on the aforementioned website that included the full legal name and portrait of the Plaintiff
3. Defendant Moon published several statements on KiwiFarms.net that made reference to the Plaintiff
4. Plaintiff Scott wrote an email to Defendant Moon requesting the removal of the content on the basis that it was defamatory and that Defendant Moon did not have her permission to use her legal name and/or portrait for his website
5. Defendant Moon carefully monitors and interacts with users on his website
6. Defendant Moon's actions have caused harm to reputation for Plaintiff Scott
7. Defendant Moon's actions have caused other injuries to Plaintiff Scott
8. Defendant Zaiger has posted defamatory statements on a website he owns called Encyclopedia Dramatica

Issues for the Court to consider

Plaintiff would like this Honorable Court to consider the following:

Defendant Moon as an "Information Content provider" on KiwiFarms.net

1. Plaintiff Scott stated that Defendant Moon published articles using her legal name, likeness and portrait on kiwifarms.net on April 2, 2017, July 6, 2017, July 7, 2017 and July 13, 2017 (¶a3)

2. Plaintiff Scott stated that after the expiration of his business license, Joshua Moon published articles on kiwifarms.net using the Plaintiff's legal name on June 22, 2018, August 24, 2018, December 12, 2018, and December 14, 2018 (¶a3)

3. Plaintiff Scott alleged that Defendant Moon encouraged other users on kiwifarms.net to echo his defamatory statements (¶xxx)

Defendant Moon as an "Information Content provider" on Encyclopedia Dramatica

4. Defendant Moon is also responsible for contributing to the conduct of Defendant Zaiger who published and hyperlinked borrowed content from kiwifarms.net on Encyclopedia Dramatica (¶xxxi)

Defendant Moon encouraging illegal content

5. Plaintiff Scott stated that Defendnat Moon encouraged illegal content on his website (¶aiv, xii, b, c, e)

Defendant Zaiger encouraging illegal content

6. Plaintiff Scott stated that Defendnat Zaiger encouraged illegal content on his website (¶i)

## Summary of argument:

As a person who was made aware of the defamatory comments being posted on a website he owns and controls and interacts within, Defendant Moon has both (1) encouraged illegal content to be posted on his website (2) acted as an "Information content provider" (3) acted as a distributor of information that is an invasion of the Plaintiff's privacy and (4) acted as a distributor of information that is defamatory against Plaintiff Scott. Defendant Zaiger has encouraged the publication of illegal content on his website.

Argument:

Defendant Moon has published several articles and comments on his website that use the Plaintiff's legal name, her portrait and that reference her. Some of the articles and comments were published directly from his user profile name "Null". Some of the articles and comments were published by other users. Many of the articles and statements include defamatory comments against Plaintiff Scott. Many of the articles include information that is an invasion of her privacy and prohibited by the Second Restatement of Torts.

In *Nemet* the court stated that in order to have immunity a website operator cannot be in the act of encouraging illegal content. Building upon the ninth circuit, it said: "a website operator who does not 'encourage illegal content' or 'design' its 'website to require users to input illegal content' is 'immune' under §230 of the CDA". By his actions, Defendant Moon has encouraged unlawful defamatory comments against the Plaintiff. These have included false allegations of the Plaintiff being married more than 2 times, being sexually promiscuous, and falsely attributing sexual acts to the Plaintiff which are untrue. In addition, Defendant Moon has encouraged the illegal act of invasion of her privacy by encouraging the publication of private facts and statements to put the Plaintiff in a false light.

Defendant Moon has made it clear that he controls content on his website and that he monitors it closely. In *Zeran* the court ruled that Prodigy "acted more like an original publisher than a distributor both because it advertised its practice of controlling content on its service and because it actively screened and edited messages posted on its bulletin boards". In the same way Defendant Moon is an active participant in his website. He has stated in writing he is in charge of the threads and that he actively watches them.

Defendant Moon also acts as an internet content provider because he is responsible for the *development* of content. He has encouraged others to echo his statements against the Plaintiff by his user comments within threads and by the subsequent threads he has posted from his own profile. In his user comments from his own profile and within subsequent threads he published about the Plaintiff he has encouraged an ongoing campaign to defame, harass and invade the privacy of the

Plaintiff. He is not a passive user on the website. His interactive comments are geared toward influencing the content and information posted by his users.

Additionally, Defendant Moon has acted as a distributor to Defendant Zaiger. In *Zeran* the court also stated that "distributors cannot be held liable for defamatory statements contained in the material they distribute unless it is proven at a minimum that they have actual knowledge of the defamatory statements upon which liability is predicated". Plaintiff Scott contacted Defendant Moon making him aware of the defamatory statements and requested the removal of all the content. Defendant Moon refused to do so. His refusal to remove the content has contributed to the publication of defamatory content on Encyclopedia Dramatica.

Because of his varied roles in the development of illegal content on kiwifarms.net, Defendant Moon is not entitled to immunity under the Communications Decency Act. He is not a passive internet service provider who is not aware of comments on his website. He engages with users and interacts on his threads frequently. He controls the content on the website. For these reasons, Defendant Moon is liable for the content he published on KiwiFarms.net and distributed to Encyclopedia Dramatica to Defendant Zaiger.

## Relief sought

Plaintiff seeks the following relief, as listed in her complaint:

1. Injunctive relief to remove the following content from KiwiFarms.net and Encyclopedia Dramatica:
a. all articles and comments that mention the legal name of the Plaintiff or make reference to her
b. removal of portraits or likeness of the Plaintiff from kiwifarms.net

2. Monetary Damages as listed in the original complaint

## APPENDIX

(A) the relevant docket entries in the proceeding below;

    1. Opinion issued by the Honorable James P. Jones January 24, 2019

(B) the relevant portions of the pleadings, charge, findings, or opinion;

    1. Relevant portions of Complaint pleading (in conjunction with cross references/other paragraphs):
- a. (¶a3)
- b. (¶xxx)
- c. (¶xxxi)
- d. (¶aiv, xii, b, c, e)
- e. (¶i)

(C) the judgment, order, or decision in question

    1. 2:19CV5

(D) other parts of the record to which the parties wish to direct the court's attention.

    n/a

RESPECTFULLY SUBMITTED,

*Melinda Scott, pro-se*

PO BOX 1133-2014PMB87

Richmond, Virginia

540.692.2342

mscottw@gmu.edu

## Certificate of Service

I, Melinda Scott, have mailed ONE (1) copy of this Brief to Defendants: Joshua Moon, 3750 Don Janeal Rd, Pensacola, FL 32526 and Brian Ziager, 119 Lafayette St, Salem, MA 01970 on this _22nd_ day of _Feb_, 2019

Respectfully submitted,

Melinda Scott, *pro-se*
PO BOX 1133-2014PMB87
Richmond, Virginia
540.692.2342
mscottw@gmu.edu



**FROM:**
Melinda Scott
PO Box 1133
2014PMB87
Richmond, VA 23218

**TO:**
Clerk
US Court of Appeals
Fourth Circuit
1100 E. Main St., 5th flr.
Richmond, VA 23219

Do Not Bend

Utility Mailer
10 1/2" x 16"

USPS label:
F — US POSTAGE PAID $5.30
Origin: 24230
02/22/19
5120101230-04
FIRST-CLASS PKG SVC - RTL
0 Lb 9.50 Oz
1000
INSPECTED FEB 25 2019 U.S. MARSHALS C003
SHIP TO: 1100 E MAIN ST FL 5TH RICHMOND VA 23219-3538
USPS TRACKING NUMBER 9500 1104 2716 9053 0418 08

ReadyPost